BEFORE THE THIRD DIVISION, JUNE 5, 1941

**No. 46006.**—Petitions 5911–R, etc., of American Import Co. (Galveston).

CLINE, Judge: These four petitions for remission of additional duties assessed on merchandise by the collector of customs on the ground that the merchandise was undervalued upon entry were consolidated for trial.    The petitions were filed under the authority of section 489, Tariff Act of 1930.

At the trial the petitioner called Mr. S. Gissel, a customs broker who made the entries covered by the petitions herein involved.    He testified that he also made the entry in the test case which involved the same issue (covered by reappraisement appeal No. 108363–A) and that the facts relating to the entries covered by these petitions are the same as those in the test case.

Counsel for the petitioner moved to incorporate the record in the reappraisement case covering the entries involved in the instant petitions for remission (*Collin & Gissel et al.* v. *United States*, Reap. Dec. 4602) and the record in the test case (*Collin & Gissel* v. *United States*. Reap. Dec. 4183) and the record in the pe-

tition for remission filed in connection with the entry in the test case (5698–R, *American Import Co.* v. *United States*, 3 Cust. Ct. 485, Abstract 42733). Counsel for the respondent did not specifically object to the incorporation of the records but he said:

Mr. McGRATH. Well, if the court pleases, if it involves a legal question a reference to them is enough, without moving them into this record.

At the trial the motion was taken under advisement. After considering the question, we are of opinion that the motion to incorporate the records should be and hereby is granted.

An examination of the invoices covered by the petitions herein involved shows that the appraiser made a notation on all of the invoices similar to the following:

Appraised in Rchmk at 4.20 to $1.00 on invoice unit values, plus case & packing.

The merchandise was invoiced in United States currency and the unit values were not changed by the appraiser on any of the invoices. Appeals for reappraisement of the merchandise on the entries covered by the petitions herein were submitted on a stipulation incorporating the record in the test case (reappraisement appeal No. 108363–A) and the court in its decision (Reap. Dec. 4602) found as follows:

Accepting the above stipulation as a statement of fact, and following the cited authorities and for the reasons stated therein, I find the proper dutiable values of the merchandise in these appeals to be the values found by the appraiser, any question as to the conversion of the currency being left to the collector upon liquidation of the entries.

In the final decision in reappraisement appeal No. 108363–A, decided by Division One of this court in *Collin & Gissel* v. *United States*, 72 Treas. Dec. 1210, Reap. Dec. 4183, the record in which was incorporated in the record in the reappraisement appeals covering the merchandise on the entires herein involved, the court said:

In this case two out of three of the invoices show the merchandise was bought at the flat exchange rate (during a fluctuating period) at 4.20 marks to the dollar. The entry was made at unit values in United States dollars on this basis.

The local appraiser adopted the equivalent mark value also on this basis, expressed by the following notation:

"Appraised in Rchmk at 4.20 to $1.00 on invoice unit values plus case and packing, net."

This was equivalent to a holding by the appraiser that this was the foreign-market value, no export value being higher. Thus the appraiser adopted and approved the importers' *per se* unit invoice values.

This on its face would have nothing to do with subsequent conversion of currency by the collector from marks to dollars at the appropriate proclaimed rate at the day of shipment, upon which basis of conversion the payment of duty must subsequently be calculated by the collector. It could not relate to an advance in the *per se* unit invoice values which were approved. * * *

It is apparent that the court was of opinion that the appraiser made no advance in value and the decision of the trial judge in the reappraisement appeals covering the entries involved in the instant petitions for remission must be so construed, even though he found the values returned by the appraiser. The collector, however, must have been of opinion that the unit values were advanced by the appraiser because he assessed additional duty under section 489 in these cases.

At the trial counsel for the respondent made the following motion to dismiss the petitions:

Mr. McGRATH. Now, if the court pleases, I move to dismiss this petition upon the ground the court has no jurisdiction to decide the question. I think it clearly appears now that Mr. Stein's complaint is against the collector, and he should protest against the liquidation, which may be void under the law, but I don't think he belongs here in a remission proceeding.

We are of opinion that, since the only question involved in these cases relates to the additional duties assessed under the authority of section 489, the court has jurisdiction to determine the issue under the authority granted the court in section 489 to order a remission of such additional duties citing *P. Giusti & Co.* v. *United States*, 48 Treas. Dec. 610, T. D. 41274; *Howe Infants Wear Co.* v. *United States*, 54 Treas. Dec. 183, T. D. 42957; *G. Gennert, Inc.* v. *United States*, 59 Treas. Dec. 1795, Abstract 16598; *Hugo Falck & Co. (Ltd.)* v. *United States*, 61 Treas. Dec. 999, T. D. 45667; *Henry Kayser & Fils* v. *United States*, 63 Treas. Dec. 257, T. D. 46166. The motion to dismiss the petitions herein involved is denied and an exception is granted to the respondent.

In harmony with our decision in *American Import Co.* v. *United States*, 3 Cust. Ct. 485, Abstract 42733, in which case the record is substantially the same as the record in this case, we find that the petitioner acted without intention to misrepresent the facts or to defraud the revenue of the United States, or to deceive the appraiser as to the value of the goods in making the entries in this case. The petitions are granted. Judgment will be entered in favor of the petitioner.